## STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
March 27, 2015
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**BETTY BOOTH,**
**Claimant Below, Petitioner**

**vs.)    No. 14-0608** (BOR Appeal No. 2048993)
                    (Claim No. 2009061183)

**WEST VIRGINIA UNITED HEALTH SYSTEM,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Betty Booth, by Robert L. Stultz, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. West Virginia United Health System, by Jillian L. Moore, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated May 23, 2014, in which the Board affirmed a November 18, 2013, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's August 16, 2013, decision denying a request to reopen the claim for additional temporary total disability benefits. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Booth, a registered nurse, injured her lumbar spine in the course of her employment when she bent forward to start an IV on September 4, 2008. The claim was held compensable for displacement of thoracic or lumbar intervertebral disc without myelopathy. An MRI taken on September 21, 2008, showed that Ms. Booth had a moderate sized L2-3 herniated disc impinging on the left L2 nerve root. In a neurosurgical independent medical evaluation, Donald Whiting, M.D., opined that Ms. Booth's L2-3 disc herniation and L4-5 stenosis were both the result of the compensable injury. In a January 19, 2010, letter, Vincent Miele, M.D., stated that Ms. Booth's

most recent MRI showed excellent improvement in the L2-3 disc herniation. A September 30, 2011, MRI showed degenerative changes involving the facet joints and the intervertebral discs at multiple levels. There were disc bulges but no herniations.

ChuanFang Jin, M.D., performed an independent medical evaluation on October 20, 2011. She diagnosed a history of lumbar sprain/strain, degenerative disc disease as evident on MRI, and probable sensory radiculopathy in the left lower extremity. She stated that Ms. Booth did not suffer a trauma or injury to the lumbar spine because her back pain occurred while leaning forward, and MRIs showed degenerative disc disease. Dr. Jin stated that the disease takes years to develop and was not caused by the compensable injury. She opined that the compensable injury was a sprain/strain that requires no further treatment. Ms. Booth was found to be at maximum medical improvement.

Robert Bowers, M.D., Ms. Booth's treating physician, testified in a deposition on March 1, 2013. He stated that disc herniation and nerve impingement are appropriate diagnoses in this claim. He opined that the conditions are the result of the compensable injury. He stated that based upon a September 30, 2011, MRI, Ms. Booth's nerve impingement has improved. He admitted that disc herniations can improve by themselves. He disagreed with Dr. Jin's assertion that Ms. Booth required no further treatment because a sprain/strain heals within four weeks. Dr. Bowers stated that healing can take much longer. He stated that Ms. Booth had pre-existing degenerative spine conditions and that the work-related sprain/strain could have aggravated her pre-existing degenerative problems.

Ms. Booth was treated by Shelley Conley, P.A., on May 20, 2013, for back and left leg pain. She was diagnosed with low back pain and taken off of work until May 23, 2013. Two days later, Ms. Booth was treated by Dr. Bowers who stated that she needed to remain off of work until May 27, 2013, at which time she could return on modified duty. She could return to full duty on June 27, 2013. On June 24, 2013, Tammy Yazevac, P.A., treated Ms. Booth for a flair-up of her lower back pain that extended into the left leg. She placed Ms. Booth on modified duty with lifting restrictions until August 1, 2013.

Dr. Jin performed a record review on June 26, 2013, in which she reiterated much of her previous opinion. She stated that the degenerative disc disease was likely present long before the compensable injury occurred. She opined that back sprains/strains typically resolve within one to four weeks, and back pain that lasts longer than that is often suggestive of another etiology. She stated that Ms. Booth's symptoms are not indicative of a mechanical traumatic disc herniation. She had a fairly large L2-3 herniation right after the compensable injury. The herniation improved by itself, however, she continued to have pain. Dr. Jin opined that if the herniation were the sole cause of the pain, her pain would have improved. Dr. Jin concluded that even if there were a mechanical soft tissue injury, it would not have sped up or aggravated the underlying degenerative disc disease. On June 27, 2013, Dr. Bowers opined that Ms. Booth was unable to return to work until she received a neurosurgical evaluation.

The claims administrator denied Ms. Booth's request to reopen her claim for temporary total disability benefits on August 16, 2013. The Office of Judges affirmed the decision in its

November 18, 2013, Order. It concluded that there were pre-existing degenerative changes in Ms. Booth's lumbar spine, which were seen in her MRIs. The Office of Judges found that the degenerative changes made it impossible to conclude that the work-related injury would have caused the underlying degenerative disease. It also found insufficient evidence to support an assumption of a mechanical injury. Based upon Dr. Jin's independent medical evaluation, it determined that even if there were a mechanical soft tissue injury, it could not have possibly accelerated or aggravated the pre-existing degenerative lumbar disc disease. The Office of Judges noted that Ms. Booth's prior request to add disc herniation and nerve impingement to the claim was denied by the claims administrator and Office of Judges. The Office of Judges determined in that case that Ms. Booth has significant pre-existing degenerative changes, and the mechanism of injury did not support the additional components. The Office of Judges concluded in the instant case that a preponderance of the evidence fails to establish a progression or aggravation of the compensable condition or facts which were not previously considered that would entitle Ms. Booth to a reopening of her claim for additional temporary total disability benefits. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its decision on May 23, 2014.

On appeal, Ms. Booth argues that she was taken off of work for an unrelated surgery and released to return on May 20, 2013; however, West Virginia United Health System informed her that it no longer had modified work available. Ms. Booth asserts that she had not been released to return to full-duty work at that time, and she is therefore entitled to temporary total disability benefits from May 20, 2013, through October 23, 2013. West Virginia United Health System argues that Ms. Booth suffered a new onset of pain and different symptoms a year after the compensable injury occurred, and an MRI revealed that the L2-3 disc herniation had resolved. It also asserts that she had significant pre-existing degenerative changes in her lumbar spine which are the cause of any disability.

After review, we agree with the reasoning of the Office of Judges and the conclusions of the Board of Review. In order to reopen a claim for temporary total disability benefits, a claimant must show that they have sustained an aggravation or progression of their compensable injury. In this case, the evidentiary record indicates that Ms. Booth's temporary total disability during the period in question was the result of her non-compensable, pre-existing degenerative changes and not the compensable injury. She is therefore not entitled to a reopening of her claim for additional temporary total disability benefits.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  March 27, 2015**

3

**CONCURRED IN BY:**
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Allen H. Loughry II

**DISSENTING:**
Chief Justice Margaret L. Workman
Justice Menis E. Ketchum